UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED

DEC 1 8 2025

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.

INDICTMENT NO. 5:25CR157-CHB-MAS

JEREMIAH S. HIX,
BOBBY OSBORNE,
DEVAN N. WILLOUGHBY,
TONYA LYNCH,
ELIZABETH HARRISON, and
CORNELIUS VARGAS

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## COUNT 1
## 21 U.S.C. § 846

Beginning in or about August 2024, the exact date unknown, and continuing through on or about February 13, 2025, in Bourbon, Clark, Estill, and Montgomery Counties, in the Eastern District of Kentucky, and elsewhere,

**JEREMIAH S. HIX,
BOBBY OSBORNE,
DEVAN N. WILLOUGHBY,
TONYA LYNCH,
ELIZABETH HARRISON, and
CORNELIUS VARGAS**

knowingly and intentionally conspired with each other and others, both known and unknown to the grand jury, to distribute mixtures or substances containing detectable

amounts of methamphetamine and/or fentanyl, Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

With respect to **JEREMIAH S. HIX**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of methamphetamine (actual) and a mixture or substance containing a detectable amount of fentanyl.

Before **JEREMIAH S. HIX** committed this offense, **JEREMIAH S. HIX** had a final conviction for a felony drug offense, Trafficking in a Controlled Substance, 1st degree, 1st offense (less than 2 grams methamphetamine), in Estill County Circuit Court, case no. 18-CR-00084, in 2019.

With respect to **BOBBY OSBORNE**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of methamphetamine (actual) and a mixture or substance containing a detectable amount of fentanyl.

Before **BOBBY OSBORNE** committed this offense, **BOBBY OSBORNE** had a final conviction for a felony drug offense, Trafficking in a Controlled Substance, 1st degree (drug unspecified), in Estill County Circuit Court, case no. 21-CR-00006, in 2022.

With respect to **DEVAN N. WILLOUGHBY**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 50 grams or more of methamphetamine (actual) and a mixture or substance containing a detectable amount of fentanyl.

With respect to **TONYA LYNCH**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 50 grams or more of methamphetamine (actual) and a mixture or substance containing a detectable amount of fentanyl.

Before **TONYA LYNCH** committed this offense, she had a final conviction for a serious drug felony, Trafficking in a Controlled Substance 1st degree (>= 2 Grams Methamphetamine), in Madison County Circuit Court case no. 20-CR-00494, in 2022, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to this offense within 15 years of commencement of the instant offense.

Before **TONYA LYNCH** committed this offense, she had a final conviction for a felony drug offense, Trafficking in a Controlled Substance 1st degree (>= 2 Grams Methamphetamine), in Madison County Circuit Court case no. 20-CR-00494, in 2022.

With respect to **ELIZABETH HARRISON**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 5 grams or more of methamphetamine (actual) and a mixture or substance containing a detectable amount of fentanyl.

With respect to **CORNELIUS VARGAS**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 grams or more of methamphetamine (actual) and a mixture or substance containing a detectable amount of fentanyl.

Before **CORNELIUS VARGAS** committed this offense, **CORNELIUS VARGAS** had a final conviction for a felony drug offense, Possession of a Controlled Substance, 1st degree, in Jessamine County Circuit Court, case no. 21-CR-298, in 2022.

## COUNT 2
## 21 U.S.C. § 841(a)(1)

On or about August 29, 2024, in Montgomery County, in the Eastern District of Kentucky,

### JEREMIAH S. HIX

knowingly and intentionally distributed a mixture or substance containing a detectable amount of methamphetamine and a mixture or substance containing a detectable amount of fentanyl, Schedule II controlled substances, all in violation of 21 U.S.C. § 841(a)(1).

Before **JEREMIAH S. HIX** committed this offense, **JEREMIAH S. HIX** had a final conviction for a felony drug offense, Trafficking in a Controlled Substance, 1st degree, 1st offense (less than 2 grams methamphetamine), in Estill County Circuit Court, case no. 18-CR-00084, in 2019.

## COUNT 3
## 21 U.S.C. § 841(a)(1)

On or about October 10, 2024, in Montgomery County, in the Eastern District of Kentucky,

### JEREMIAH S. HIX

knowingly and intentionally distributed 5 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 4
### 21 U.S.C. § 841(a)(1)

On or about November 12, 2024, in Estill County, in the Eastern District of Kentucky,

**BOBBY OSBORNE**

knowingly and intentionally distributed 5 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 5
### 21 U.S.C. § 841(a)(1)

On or about November 20, 2024, in Estill County, in the Eastern District of Kentucky,

**BOBBY OSBORNE**

knowingly and intentionally distributed 5 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 6
### 21 U.S.C. § 841(a)(1)

On or about November 20, 2024, in Estill County, in the Eastern District of Kentucky,

**DEVAN N. WILLOUGHBY**

knowingly and intentionally distributed 5 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 7
### 21 U.S.C. § 841(a)(1)

On or about December 10, 2024, in Bourbon County, in the Eastern District of

Kentucky,

**TONYA LYNCH**

knowingly and intentionally distributed 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **TONYA LYNCH** committed this offense, she had a final conviction for a serious drug felony, Trafficking in a Controlled Substance 1st degree (>= 2 Grams Methamphetamine), in Madison County Circuit Court case no. 20-CR-00494, in 2022, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to this offense within 15 years of commencement of the instant offense.

## COUNT 8
### 21 U.S.C. § 841(a)(1)

On or about December 18, 2024, in Clark County, in the Eastern District of Kentucky,

**DEVAN N. WILLOUGHBY**

knowingly and intentionally distributed 5 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 9
### 21 U.S.C. § 841(a)(1)

On or about December 30, 2024, in Bourbon County, in the Eastern District of Kentucky,

**TONYA LYNCH**

knowingly and intentionally distributed 50 grams or more of methamphetamine (actual), a

Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **TONYA LYNCH** committed this offense, she had a final conviction for a serious drug felony, Trafficking in a Controlled Substance 1st degree (>= 2 Grams Methamphetamine), in Madison County Circuit Court case no. 20-CR-00494, in 2022, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to this offense within 15 years of commencement of the instant offense.

## COUNT 10
## 21 U.S.C. § 841(a)(1)

On or about December 31, 2024, in Estill County, in the Eastern District of Kentucky,

### BOBBY OSBORNE

knowingly and intentionally distributed 5 grams or more of methamphetamine (actual) and a mixture or substance containing a detectable amount of fentanyl, Schedule II controlled substances, all in violation of 21 U.S.C. § 841(a)(1).

Before **BOBBY OSBORNE** committed this offense, **BOBBY OSBORNE** had a final conviction for a felony drug offense, Trafficking in a Controlled Substance, 1st degree (drug unspecified), in Estill County Circuit Court, case no. 21-CR-00006, in 2022.

## COUNT 11
## 21 U.S.C. § 841(a)(1)

On or about January 21, 2025, in Bourbon County, in the Eastern District of Kentucky,

**TONYA LYNCH**

knowingly and intentionally distributed 5 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **TONYA LYNCH** committed this offense, she had a final conviction for a serious drug felony, Trafficking in a Controlled Substance 1st degree (>= 2 Grams Methamphetamine), in Madison County Circuit Court case no. 20-CR-00494, in 2022, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to this offense within 15 years of commencement of the instant offense.

## COUNT 12
## 21 U.S.C. § 841(a)(1)

On or about January 23, 2025, in Bourbon County, in the Eastern District of Kentucky,

**TONYA LYNCH**

knowingly and intentionally distributed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **TONYA LYNCH** committed this offense, she had a final conviction for a felony drug offense, Trafficking in a Controlled Substance 1st degree (>= 2 Grams Methamphetamine), in Madison County Circuit Court case no. 20-CR-00494, in 2022.

## COUNT 13
## 18 U.S.C. § 922(g)(1)

On or about January 23, 2025, in Bourbon County, in the Eastern District of

Kentucky,

## TONYA LYNCH,

knowing that she had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Hi Point, Model: C9, 9mm pistol, serial number P1443231, said firearm having been shipped and transported in interstate commerce, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 14
## 21 U.S.C. § 841(a)(1)

On or about January 30, 2025, in Estill County, in the Eastern District of Kentucky,

## BOBBY OSBORNE

knowingly and intentionally distributed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 15
## 21 U.S.C. § 841(a)(1)

On or about January 31, 2025, in Bourbon County, in the Eastern District of Kentucky,

## CORNELIUS VARGAS

knowingly and intentionally distributed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **CORNELIUS VARGAS** committed this offense, **CORNELIUS VARGAS** had a final conviction for a felony drug offense, Possession of a Controlled Substance, 1st

degree, in Jessamine County Circuit Court, case no. 21-CR-298, in 2022.

## COUNT 16
## 21 U.S.C. § 841(a)(1)

On or about February 13, 2025, in Estill County, in the Eastern District of Kentucky,

**BOBBY OSBORNE**

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of methamphetamine and a mixture or substance containing a detectable amount of fentanyl, Schedule II controlled substances, all in violation of 21 U.S.C. § 841(a)(1).

Before **BOBBY OSBORNE** committed this offense, **BOBBY OSBORNE** had a final conviction for a felony drug offense, Trafficking in a Controlled Substance, 1st degree (drug unspecified), in Estill County Circuit Court, case no. 21-CR-00006, in 2022.

## COUNT 17
## 21 U.S.C. § 841(a)(1)

On or about February 13, 2025, in Bourbon County, in the Eastern District of Kentucky,

**TONYA LYNCH**

knowingly and intentionally possessed with intent to distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **TONYA LYNCH** committed this offense, she had a final conviction for a serious drug felony, Trafficking in a Controlled Substance 1st degree (>= 2 Grams Methamphetamine), in Madison County Circuit Court case no. 20-CR-00494, in 2022, for

which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to this offense within 15 years of commencement of the instant offense.

## COUNT 18
## 18 U.S.C. § 922(g)(1)

On or about February 13, 2025, in Bourbon County, in the Eastern District of Kentucky,

**TONYA LYNCH,**

knowing that she had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Smith & Wesson pistol, model: SD9VE, caliber: 9, serial number: FEA8812, said firearm having been shipped and transported in interstate commerce, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 19
## 18 U.S.C. § 924(c)(1)(A)

On or about February 13, 2025, in Bourbon County, in the Eastern District of Kentucky,

**TONYA LYNCH**

knowingly and intentionally possessed a firearm in furtherance of a drug trafficking crime as charged in Count 17 of this Indictment for which she may be prosecuted in a court of the United States, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 20
## 18 U.S.C. § 922(g)(1)

On or about March 16, 2025, in Madison County, in the Eastern District of Kentucky,

## JEREMIAH S. HIX,

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Kel-Tec, Model: PF-9, 9 mm caliber pistol, serial number: S1Q89, said firearm having been shipped and transported in interstate commerce, all in violation of 18 U.S.C. § 922(g)(1).

### FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 924(d)
### 28 U.S.C. § 2461

1. By virtue of the commission of the felony offenses alleged in Counts 1-12 and 14-17 of the Indictment, **JEREMIAH S. HIX, BOBBY OSBORNE, DEVAN N. WILLOUGHBY, TONYA LYNCH, ELIZABETH HARRISON, and CORNELIUS VARGAS** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **JEREMIAH S. HIX, BOBBY OSBORNE, DEVAN N. WILLOUGHBY, TONYA LYNCH, ELIZABETH HARRISON, and CORNELIUS VARGAS** have in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offenses alleged in Counts 13 and 18-20 of the Indictment, **JEREMIAH S. HIX and TONYA LYNCH** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violations of 18 U.S.C. §§ 922 and/or 924. Any and all interest that **JEREMIAH S.**

**HIX** and **TONYA LYNCH** have in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**REAL PROPERTY:**
Real property known as 355 Cressy Road, Irvine, Estill County, Kentucky.

**VEHICLE:**
2020 white 4-door Chevrolet Silverado with VIN 1GC4YPEY9LF271934.

**CURRENCY:**
$1,181.00 in U.S. Currency seized from **BOBBY OSBORNE** on or about February 13, 2025.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court, (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

[signature]

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

# PENALTIES

**COUNTS 1-12 AND 14-17:**

**If 50 grams or more of methamphetamine (actual):**
Not less than 10 years imprisonment and not more than life imprisonment, not more than a $10,000,000 fine, and not less than 5 years supervised release.

**If 50 grams or more of methamphetamine (actual) and a prior serious drug felony or serious violent felony conviction:**
Not less than 15 years imprisonment and not more than life imprisonment, not more than a $20,000,000 fine, and not less than 10 years supervised release.

**If 5 grams or more of methamphetamine (actual):**
Not less than 5 years imprisonment and not more than 40 years imprisonment, not more than a $5,000,000 fine, and not less than 4 years supervised release.

**If 5 grams or more of methamphetamine (actual) and a prior serious drug felony or serious violent felony conviction:**
Not less than 10 years imprisonment and not more than life imprisonment, not more than a $8,000,000 fine, and not less than 8 years supervised release.

**If a mixture or substance containing a detectable amount of fentanyl:**
Not more than 20 years imprisonment, not more than a $1,000,000 fine, and not less than 3 years supervised release.

**If a mixture or substance containing a detectable amount of fentanyl and a prior conviction for a felony drug offense:**
Not more than 30 years imprisonment, not more than a $2,000,000 fine, and not less than 6 years supervised release.

**COUNTS 13, 18 AND 20:** Imprisonment for not more than 15 years; a fine of not more than $250,000; and supervised release of not more than 3 years.

**If Armed Career Criminal:** Not less than 15 years imprisonment, a fine of not more than $250,000; and supervised release of not more than 5 years.

**COUNT 19:** Not less than 5 years, nor more than life, imprisonment, consecutive to any other sentence; not more than a $250,000 fine; and not more than 5 years of supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture.

**PLUS:** Restitution, if applicable.