UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-157-CHB-MAS

UNITED STATES OF AMERICA                                     PLAINTIFF

V.                                    PLEA AGREEMENT

ELIZABETH HARRISON                                           DEFENDANT

\*   \*   \*   \*   \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to distribute methamphetamine and a mixture containing fentanyl.

2. The essential elements of Count 1 are:

(a) First, that two or more persons conspired, or agreed, to distribute actual methamphetamine and a mixture containing fentanyl; and

(b) Second, that the Defendant knowingly and voluntarily joined the agreement.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) In or about January 2025, in Bourbon County, in the Eastern District of Kentucky, the Defendant knowingly and voluntarily agreed with one or more persons (specifically, Co-Defendants Tonya Lynch and Cornelius Vargas) to distribute a substance containing a detectable amount of methamphetamine, and a mixture containing a detectable amount of fentanyl, both Schedule II controlled substances, as follows:

(b)  On or about January 21, 2025, during a controlled purchase of methamphetamine from Co-Defendant Tonya Lynch, the Defendant was physically present in the house while the CI was discussing a potential purchase of methamphetamine with Lynch.  Lynch instructed the CI to transfer money for the methamphetamine (the quantity of which was unknown to the Defendant) via CashApp.  Lynch then provided the CashApp account name for Co-Defendant Cornelius Vargas, not the Defendant's.  The CI then provided a total of $450 to Vargas via CashApp, as well as $50 directly to Lynch.  Although the Defendant was physically present in another room at the time of the transaction, she participated in and facilitated this transaction by agreeing to help Lynch and Vargas obtain the funds from this sale through the following actions:  The Defendant had access to the CashApp account that was used; she was in possession of Vargas's phone at the time of the transaction and saw the CashApp transaction notification appear on the phone; she verbally confirmed to Lynch the receipt of the CashApp funds from the CI; she knew the funds were being paid in exchange for methamphetamine; and she knew that Vargas intended to use those funds to purchase additional narcotics, yet she facilitated the transfer anyway.

(c) On or about January 23, 2025, the Defendant and Vargas were present at Lynch's residence when Lynch sold a plastic bag containing fentanyl (the quantity of which was unknown to the Defendant) to the CI.  Although the Defendant did not directly participate in the transaction with the CI, the Defendant was in the chain of distribution as she had previously obtained the fentanyl from Vargas and then provided the fentanyl to Lynch.

4.    The statutory punishment for Count 1 is not more than 30 years imprisonment, a fine of not more than $2,000,000, and a term of supervised release of not less than 6 years.  A mandatory special assessment of $100 applies, which the Defendant will pay to the U.S. District Court Clerk at the time of the entry of the plea.

5.  Pursuant to Rule 11(c)(1)(B), the United States and the Defendant do not have an agreement as to the recommended sentencing guidelines calculations, except for the following, and the Defendant reserves the right to object to or argue in favor of additional guidelines calculations as applicable:

(a) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the higher of the advisory sentencing guidelines range as determined by the Court at sentencing or the statuteory minimum sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any itme abandoned under this paragraph.

11.    If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws as applicable, and the Defendant waives any right to challenge the initiation of additional federal charges.

12.    This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant.  The United States has not made any other promises to the Defendant.

13.    This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14.    The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

Date: 6/15/26          By: _____
                            Erin M. Roth
                            Assistant United States Attorney

Date: 6/11/26               _____
                            Elizabeth Harrison
                            Defendant

Date: 6/4/26                _____
                            Holly R. Iaccarino
                            Attorney for Defendant

4